**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.:**

**ROXANNE BLACK,**
**an Individual**

**Plaintiff,**

**v.**

**TURNING HEADS ON THE HARBOR LLC,**
**a Florida Limited Liability Company, and**
**BROOKLYN BLONDE LLC,**
**a Florida Limited Liability Company,**

**Defendants.**
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, **ROXANNE BLACK** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendants, **TURNING HEADS ON THE HARBOR LLC** ("TH") and **BROOKLYN BLONDE LLC** ("BB") (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendants back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive

damages, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant TH is a Florida Limited Liability Company that is located and does business in Charlotte County, Florida, and is therefore within the jurisdiction of the Court.

4. Defendant BB is a Florida Limited Liability Company that is located and does business in Charlotte County, Florida, and is therefore within the jurisdiction of the Court.

5. At all times relevant hereto, Plaintiff was an employee of Defendant TH.

6. Plaintiff worked for Defendant in Charlotte County, Florida, and this venue is therefore proper.

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

8. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

9. At all times material, Plaintiff was protected during her employment by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled"

employee who suffered discrimination because of her disability or "perceived disability."

10. At all times material, Plaintiff was protected during her employment by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

11. Defendants were at all material times an "employer" as envisioned by the ADA and FCRA as they employed in excess of fifteen (15) employees.

**SUCCESSOR LIABILITY ALLEGATIONS**

12. Plaintiff was employed by Defendant TH from approximately February 9, 2024, through August 9, 2024.

13. TH operated a full-service hair salon and spa located at 4678 Tamiami Trail, Unit 107, Port Charlotte, Florida 33980.

14. After Plaintiff's employment ended, Defendant BB acquired, assumed, continued, or otherwise succeeded to all or substantially all of TH's salon operations.

15. Upon information and belief, the transfer included some or all of TH's operating assets, equipment, fixtures, customer relationships, goodwill, telephone number, online business presence, appointment-booking infrastructure, and right to occupy the salon premises.

16. Following the transfer, the business publicly announced that "Turning

Heads on the Harbor has become Brooklyn Blonde Salon and Spa."

17. BB continues to operate a full-service hair salon and spa from the same premises formerly occupied by TH at 4678 Tamiami Trail, Unit 107, Port Charlotte, Florida 33980.

18. BB continues to use the same telephone number previously used by TH: (941) 625-0060.

19. BB provides substantially the same hair, beauty, and spa services previously provided by TH to substantially the same geographic market and customer base.

20. BB operates the same type of business, at the same location, using substantially the same facilities, equipment, operating methods, customer goodwill, and commercial identity as TH.

21. Upon information and belief, BB retained or continued employing some of TH's hairstylists, beauty professionals, or other personnel and continued serving TH's existing customers.

22. The transition from TH to BB constituted a continuation of the employing enterprise rather than the opening of an unrelated salon at a separate location.

23. Before the transfer and continuation of TH's business by BB, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission against TH arising from the employment practices alleged herein.

24. Plaintiff's Charge of Discrimination remained pending, or the resulting claims remained unresolved, when BB acquired, assumed, or continued TH's salon operations.

25. Upon information and belief, BB and its principals had actual or constructive notice of Plaintiff's Charge and claims before completing the transaction.

26. Plaintiff's Charge and the resulting potential liability were reasonably discoverable through ordinary pre-acquisition due diligence concerning TH's employment records, pending administrative proceedings, threatened claims, and contingent liabilities.

27. Because BB acquired or continued TH's business with actual or constructive notice of Plaintiff's unresolved claims, BB had the opportunity to protect itself through the purchase price, indemnification provisions, assumption-of-liability provisions, escrow, or other terms of the transaction.

28. There is substantial continuity between TH and BB with respect to the business location, services offered, operating assets, customer base, telephone number, workforce, and general business operations.

29. TH is presently administratively dissolved and, upon information and belief, lacks sufficient assets or continuing operations from which Plaintiff can

obtain complete relief.

30. Under the circumstances, imposing successor liability upon BB is equitable, consistent with the remedial purposes of the employment laws invoked in this action, and necessary to afford Plaintiff complete relief.

31. Accordingly, BB is liable as the successor in interest to TH for the unlawful employment practices and resulting damages alleged in this Complaint.

32. TH and BB are jointly and severally liable for the relief sought by Plaintiff to the extent permitted by law.

**CONDITIONS PRECEDENT**

33. On or around December 12, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

34. On or around June 24, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal discrimination claims within 90 days of her receipt of the same.

35. On or around July 14, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on her state discrimination claims within one year of her receipt of the same.

36. Plaintiff timely files this action within the applicable period of

limitations against Defendant.

37. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

38. Plaintiff worked for TH as a Master Stylist from February 9, 2024, until her termination on August 9, 2024.

39. In the Summer of 2024, Plaintiff, who suffers from post-traumatic stress disorder and severe social anxiety, often brought her certified psychiatric service dog with her to work.

40. This was not exceptional at TH, as TH clients and other TH personnel often brought their dogs, whether certified service animals or not, to the salon with them.

41. On August 7, 2024, Plaintiff's Supervisor told Plaintiff that she could no longer bring her certified service animal to work anymore.

42. Plaintiff objected to her Supervisor that TH's actions constituted discrimination based on disability in violation of the ADA and the FCRA, and requested the reasonable, non-burdensome accommodation of being permitted to continue bringing her certified service dog to work with her.

43. Very shortly thereafter, on August 10, 2024, TH informed Plaintiff that it had decided to terminate her employment, effective immediately.

44. TH allegedly terminated Plaintiff for "unprofessional conduct," but Plaintiff never received any coaching, discipline, or even an inkling that her conduct was "unprofessional."

45. It is clear that Plaintiff was terminated by TH for suffering a disability, and for requiring and requesting accommodation for same.

46. Any other reason theorized by TH is mere pretext.

47. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

48. TH's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

49. By reason of the foregoing, TH's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

50. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

51. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

52. TH was aware of Plaintiff's ADA/FCRA-protected disability and need

for accommodation.

53. Plaintiff is a protected class member as envisioned by the ADA and the FCRA.

54. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

55. TH's actions are the exact type of unfair and retaliatory employment practices the ADA and FCRA were intended to prevent.

56. TH did not have a good faith basis for its actions.

57. TH did not have a legitimate, non-retaliatory reason, for its actions.

58. As a result of TH's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

59. TH lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

60. Upon information and belief, Defendant BB is jointly and severally liable for TH's actions.

61. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA DISPARATE TREATMENT**

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 9, 11 through 34, 36 through 54, 56, 58, and 60 through 61, above.

63. The acts of TH, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

64. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

65. Plaintiff was denied reasonable accommodation, specifically, the accompaniment of her service dog, despite other patrons and employees being permitted to bring their dogs to the salon.

66. Plaintiff was treated disparately from other similarly-situated employees.

67. The conduct of TH and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

68. Plaintiff has suffered damages as a result of TH's illegal conduct toward her.

69. The conduct of TH was so willful, wanton, and in reckless disregard of

the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against TH, to deter it, and others, from such conduct in the future.

70. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

71. Upon information and belief, Defendant BB is jointly and severally liable for this cause of action.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT II: DISABILITY DISCRIMINATION UNDER FCRA DISPARATE TREATMENT**

72. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 11 through 33, 35 through 54, 56, 58, and 60 through 61, above.

73. The acts of TH, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

74. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

75. Plaintiff was denied reasonable accommodation, specifically, the accompaniment of her service dog, despite other patrons and employees being permitted to bring their dogs to the salon.

76. Plaintiff was treated disparately from other similarly-situated employees.

77. The conduct of TH and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. The conduct of TH was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against TH, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

80. Plaintiff has no plain, adequate or complete remedy at law for the actions of TH, which have caused, and continue to cause, irreparable harm.

81. Upon information and belief, Defendant BB is jointly and severally liable for this cause of action.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against

Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III: RETALIATION UNDER THE ADA BASED ON DISABILITY**

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 34, 36 through 47, 50, 52, 55 through 58, and 60 through 61, above.

83. Plaintiff was terminated within close temporal proximity of her objections to TH that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

84. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

85. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

86. Plaintiff's protected activity, and her termination, are causally related.

87. TH's stated reasons for Plaintiff's termination are a pretext.

88. The conduct of TH and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and

benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89. The conduct of TH was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against TH, to deter it and others from such conduct in the future.

90. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions of TH which have caused, and continue to cause, irreparable harm.

92. Upon information and belief, Defendant BB is jointly and severally liable for this cause of action.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

93. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8, 10 through 33, 35 through 47, 50, 52, 55 through 58, and

60 through 61, above.

94. Plaintiff was terminated within close temporal proximity of her objections to TH that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

95. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

96. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

97. Plaintiff's protected activity, and her termination, are causally related.

98. TH's stated reasons for Plaintiff's termination are a pretext.

99. The conduct of TH and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

100. The conduct of TH was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against TH, to deter it and others from such conduct in the future.

101. Plaintiff is entitled to recover her reasonable attorneys' fees and

litigation expenses pursuant to Section 760.11(5), Florida Statutes.

102. Plaintiff has no plain, adequate, or complete remedy at law for the actions of TH which have caused, and continue to cause, irreparable harm.

103. Upon information and belief, Defendant BB is jointly and severally liable for this cause of action.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 16th day of September, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorneys for Plaintiff*